UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ERNESTO VILLAFLOR,

    Plaintiff,

v.

U.S. POSTAL SERVICE; MEGAN BRENNAN, POSTMASTER GENERAL; YUN HEE LEE; RON HARRELL, JULIO RODRIGUEZ,

    Defendants.

Case No. C16-1757 RSM

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

## I. INTRODUCTION

This matter comes before the Court on Defendants' Motion to Dismiss claims against Defendants United States Postal Service, Yun Hee Lee, Ron Harrell, and Julio Rodriguez pursuant to Rules 12(b)(1) and 12(b)(6). Dkt. #19. Plaintiff Ernesto Villaflor opposes this Motion. Dkt. #18. For the reasons stated below, the Court GRANTS Defendants' Motion under Rule 12(b)(6), dismisses Mr. Villaflor's claims against all Defendants except Megan Brennan with prejudice, and dismisses Mr. Villaflor's ADA claim with leave to amend.

## II. BACKGROUND

Plaintiff Ernesto Villaflor alleges that he is an employee of the United States Postal Service. *See* Dkt. #1 at ¶ 1. Mr. Villaflor alleges he was discriminated against in his

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 1

employment by his employer due to his disability, race, color, gender, and age and also was retaliated against for engaging in protected EEO activity. *See id.* at ¶¶ 20-62. Mr. Villaflor names as defendants the United States Postal Service, Postmaster General Megan Brennan, sued in her official capacity, and Mr. Villaflor's supervisors, Yun Hee Lee, Ron Harrell, and Julio Rodriguez, sued in their individual capacity. *See id.* at ¶¶ 2-6, 63. Mr. Villaflor alleges that Defendants Lee, Harrell, and Rodriguez were supervisors at the Post Office where he worked and that they "acted within the scope and authority of their employment with the United States Postal Service." *Id.* at ¶ 19. Defendant Brennan admits these allegations. *See* Dkt. #8 at ¶ 19.

On January 17, 2017, Defendants United States Postal Service and Postmaster General Megan Brennan ("Postal Service" and "Brennan") filed their Answer. *See id.* The Court granted Individual Defendants' "Unopposed Motion to Extend Deadline to Respond to Plaintiffs' Complaint" so that these defendants, Lee, Harrell, and Rodriguez, could obtain DOJ authorization for legal representation. *See* Dkts. ##14 and 16. Individual Defendants Lee and Harrell file this motion to dismiss as their response to the plaintiff's complaint. Defendants Postal Service and Brennan join in the motion. Defense counsel has represented efforts to represent Defendant Rodriguez and the difficulty in doing so due to his serious illness. *See* Dkt. #21.

### III. DISCUSSION

**A. Legal Standard**

In making a 12(b)(6) assessment, the court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party. *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted). However, the court is not required to accept as true a "legal conclusion couched as a factual

allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 678. This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The complaint need not include detailed allegations, but it must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Absent facial plausibility, Plaintiff's claims must be dismissed. *Id*. at 570.

Where a complaint is dismissed for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

### B. Standing

As an initial matter, Mr. Villaflor argues that defense counsel does not have "standing" to file this Motion on behalf of Defendant Julio Rodriguez or that the Motion cannot apply to him. Dkt. #24 at 2-3. Mr. Villaflor cites to no legal authority. The Court finds that Defendants' arguments apply equally to Mr. Rodriguez and that the Court has the authority to dismiss claims against Mr. Rodriguez even if this Motion was brought by his co-defendants. The Court notes that defense counsel has taken reasonable efforts to represent Mr. Rodriguez.

### C. ADA Claim against Federal Employer

Plaintiff's First Cause of Action is brought pursuant to the Americans with Disability Act ("ADA"), 42 U.S.C. § 12112. *See* Dkt. #1, ¶¶ 42-47, 60-62. Defendants argue that this claim should be dismissed because the ADA does not apply to federal employers. Dkt. #19 at 3

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 3

(citing *Maish v. Napolitano*, No. C12-581RAJ, 2013 WL 5770345, at *4 (W.D. Wash. Oct. 24, 2013); *Cornette v. Potter*, No. C09-5373BHS, 2009 WL 5195793, at *3 (W.D. Wash. Dec. 21, 2009), *aff'd sub nom. Cornette v. Donahoe*, 472 F. App'x 482 (9th Cir. 2012)). Defendants argue that the exclusive remedy is under the Rehabilitation Act, 29 U.S.C. § 791, *et seq. Id.* Mr. Villaflor essentially concedes these points in his Response. *See* Dkt. #24 at 4. The Court will therefore dismiss this cause of action and encourages Mr. Villaflor to amend.

**D. Claims against Individual Defendants and the USPS**

Defendants argue that the only proper defendant for all of Mr. Villaflor's claims is the "head of the department, agency or unit." Dkt. #19 at 3 (citing *Johnston v. Horne*, 875 F.2d 1415, 1418–19 (9th Cir. 1989)); Dkt. #19 at 4 (citing 42 U.S.C. § 2000e(c)-16; *Romain v. Shear*, 799 F.2d 1416, 1418-19 (9th Cir. 1986); *Scott v. Moniz*, No. C14-5684 RJB, 2014 WL 12539672, at *2 (W.D. Wash. Nov. 17, 2014)). Defendants argue that Title VII does not impose individual liability on employees, even supervisors. *Id.* at 4 (citing, *inter alia*, *Greenlaw v. Garrett*, 59 F.3d 994, 1001 (9th Cir. 1995)).

In Response, Mr. Villaflor argues that the individual Defendants in this case are liable under the alter ego doctrine, citing only to a case interpreting New York law, which dealt with a non-federal employer. Dkt. #24 at 5-6 (citing *Lane v. Maryhaven Ctr. of Hope*, 944 F. Supp. 158 (E.D.N.Y. 1996)).

On Reply, Defendants argue that Mr. Villaflor's reliance on *Lane* is misplaced, first because the *Lane* court actually granted the defendant's motion to dismiss under Rule 12(b)(6), and second because *Lane* involved a corporate employer and not a federal government employer. Dkt. #28 at 2. Defendants point out that Mr. Villaflor fails to address "federal statutory authority and Ninth Circuit precedent identified in Defendants' motion that directs that

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 4

the only proper defendant in a federal employment discrimination action is the head of the department, agency, or unit, sued in an official capacity only." *Id*. at 1.

The Court agrees with Defendants. The individual Defendants acted within the scope and authority of their employment, and the employer in this case is a federal agency. The law is clear that they cannot be sued individually, and Mr. Villaflor presents no valid argument otherwise. An alter-ego analysis as described in *Lane* is inapplicable here for the reasons stated by Defendants. The Court will dismiss with prejudice under Rule 12(b)(6) all claims against Defendants United States Postal Service, Yun Hee Lee, Ron Harrell, and Julio Rodriguez. The only proper defendant in this federal employment discrimination action is Defendant Megan Brennan, Postmaster General, sued in her official capacity only. The Court need not conduct a Rule 12(b)(1) analysis given the above.

### E. Leave to Amend

Where a complaint is dismissed for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber, supra.* The Court finds that Mr. Villaflor should be granted leave solely to amend his ADA claim to properly assert claims under the Rehabilitation Act, 29 U.S.C. § 791, *et seq*. Mr. Villaflor cannot present other facts consistent with the existing Complaint that could cure the other deficiencies above.

## IV. CONCLUSION

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS:

1) Defendants' Motion to Dismiss (Dkt. #19) is GRANTED. Plaintiff's claims against Defendants United States Postal Service, Yun Hee Lee, Ron Harrell, and Julio

Rodriguez are DISMISSED with prejudice. Plaintiff's first cause of action, brought under the ADA, is dismissed without prejudice.

2) Plaintiff is granted leave to amend his first cause of action **no later than twenty-one (21) days** from the date of this Order. Failure to file an Amended Complaint within this time period will result in dismissal of these claims.

DATED this 7th day of July 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE